**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

| | |
|---|---|
| CHRISTOPHER L. SHORTER, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>DR. DAVID, NURSE ARRON, NURSE )<br>STEPHANIE H., and SGT. SCHROEDER, )<br>)<br>Defendants. ) | CAUSE NO. 3:05-CV-0288 AS |

*OPINION AND ORDER*

Christopher Shorter, a prisoner currently confined at the Putnamville Correctional Facility, submitted a complaint under 42 U.S.C. § 1983, alleging that St. Joseph County Jail officials violated his federally protected rights while he was housed there as a pretrial detainee. The court must review the merits of a prisoner complaint seeking redress from a governmental entity or officer or employee of a governmental entity, and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Courts apply the same standard under § 1915A as when addressing a motion under Fed. R. Civ. P. 12(b)(6) to dismiss a complaint. *Weiss v. Colley,* 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
> In order to state a cause of action under 42 U.S.C.§ 1983, the Supreme Court requires only two elements: First, the plaintiff must

>   allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Shorter brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Bell v. City of Milwaukee*, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

Mr. Shorter seeks damages, and injunctive relief dealing with the operation of the St. Joseph County Jail. But he has been transferred from the jail to an Indiana Department of Correction facility. If a prisoner is transferred to another facility, "his request for injunctive relief against officials of the first prison is moot unless 'he can demonstrate that he is likely to be retransferred.'" *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996), *quoting Moore v. Thieret*, 862 F.2d 148, 150 (7th Cir. 1988).

Mr. Shorter also seeks damages for ill treatment at the St. Joseph County Jail while he was held there as a pretrial detainee. The Eighth Amendment protects convicted prisoners from cruel and unusual punishments. *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979); *Robinson v. Moses*, 644 F.Supp. 975 (N.D. Ind. 1986). The rights of pre-trial detainees are derived from the Fourteenth Amendment's Due Process Clause, *Bell v. Wolfish*, 441 U.S. at 535 n. 16. But "[a]n act or practice that violates the eighth amendment also violates the due process rights of pretrial detainees." *Martin v. Tyson*, 845 F.2d 1451, 1457 (7th Cir. 1988). A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294 (1991). In medical care cases, the Eighth Amendment test set forth in *Farmer v. Brennan* and *Wilson v. Seiter* is expressed in terms of whether there was deliberate indifference to a prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

Mr. Shorter alleges that he had a hernia when he entered the jail and was placed into general population. Three weeks later, on March 11, 2005, fellow inmate James Swint attacked him. Mr. Shorter believes that he "should have been placed in medical" and that his right to "adequate and proper medical care was violated by Dr. David for not putting me in a safe place considering my condition." (Complaint at p. 3).

3

Because deliberate indifference is comparable to criminal recklessness, *Farmer v. Brennan,* 511 U.S. at 837, a plaintiff must demonstrate more than inadvertence or negligence. *Billman v. Indiana Department of Correction,* 56 F.3d 785 (7th Cir. 1995). He must show "something approaching a total unconcern for [his] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane,* 959 F.2d 673, 677 (7th Cir. 1992), *citing McGill v. Duckworth,* 944 F.2d 344 (7th Cir. 1991). The defendant must have known of and disregarded an "excessive risk" to the inmate's health or safety. *Sellers v. Henman,* 41 F.3d 1100, 1102 (7th Cir. 1994), *quoting Farmer v. Brennan,* 511 U.S. at 837-838.

Mr. Shorter does not allege that he needed to be in a medical unit for treatment of his hernia; he suggests only that he would have been safer on a medical unit. "Obduracy and wantonness rather than inadvertence or mere negligence characterize conduct prohibited by the Eighth Amendment. To state a claim under the Eighth Amendment, (a plaintiff) must, at minimum, allege facts sufficient to establish that the defendants possessed a total unconcern for (his) welfare in the face of serious risks." *McNeil v. Lane,* 16 F.3d 123, 124 (7th Cir. 1994) (citations omitted). That Dr. David did not put Mr. Shorter on a medical unit does not demonstrate that he had anything approaching a total unconcern for Mr. Shorter's welfare in the face of a serious risk or that he consciously refused to prevent harm to Mr. Shorter.

Mr. Shorter alleges that on March 20, 2005, at 12:45 p.m. he was in pain and asked to see a nurse. He spoke with Nurse Arron on the speaker phone at

4

2:13 and was told he could not see the doctor until the next day. But Nurse Arron arranged for Mr. Shorter to receive pain medication and he states that he received pain medication from her at 3:40. Mr. Shorter alleges that on March 28, 2005, at 8:00 he was again in pain. He spoke with Nurse Stephanie H., who saw him on a medical pass at 9:30.

A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention, and if untreated could result in further significant injury or unnecessary pain, and that significantly affects the person's daily activities or features chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). Mr. Shorter states that he was in pain, which might be sufficient to constitute a serious medical need. But Nurse Arron spoke with him and sent him pain medication, and Nurse Stephanie H. Saw him within an hour and half after he complained of pain. This does not constitute deliberate indifference to Mr. Shorter's medical needs.

Finally, Mr. Shorter alleges that as a result of the fight with Swint a jail disciplinary board sanctioned him with twenty days in segregation. He was to have been released on March 31, 2005. When he was not released on the thirty-first, he complained to someone and was told that he would not be moved until April 4th. He alleges that Sgt. Schroeder was responsible for being kept in segregation past his release date.

Under *Sandin v. Conner*, 515 U.S. 472, 484 (1995), convicted prisoners can be placed and kept in disciplinary segregation without due process, but as a

5

pretrial detainee, Mr. Shorter could only be placed in disciplinary segregation after receiving due process. *Whitford v. Boglino*, 63 F.3d 527, 531 n.4 (7th Cir. 1995) (*Sandin v. Conner* "does not apply to pretrial detainees, who may not be punished without due process of law"). Mr. Shorter received a disciplinary hearing before being placed in segregation, but keeping him in punitive segregation past his outdate might violate his Fourteenth Amendment due process rights.

Mr. Shorter says he complained to someone about not being promptly returned to general population and asserts that Sgt. Schroeder was responsible for moving him out of segregation. If Sgt. Schroeder was not the person Mr. Shorter complained to and was not aware when Mr. Shorter was to be moved, or if he negligently left him in segregation too long, it might not state a claim upon which relief can be granted. But the Seventh Circuit has emphasized that "Fed. R. Civ. P. 8 establishes a system of notice pleading," and that a complaint may not be dismissed at the pleadings stage "unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998), quoting *Hishon v. King & Spalding*, 467 U.S. at 73. Giving Mr. Shorter the benefit of the inferences to which he is entitled at the pleadings stage, the court cannot say that he can prove no set of set of facts consistent with his due process claim against Sgt. Schroeder.

For the foregoing reasons, the court:

(1) **GRANTS** the plaintiff leave to proceed against defendant Schroeder for damages on his Fourteenth Amendment due process claim that he was retained in punitive segregation past the time he should have been returned to general population;

(2) Pursuant to 28 U.S.C. § 1915A(b)(1); **DISMISSES** defendants Dr. David, Nurse Arron, and Nurse Steffanie H., **DISMISSES** the plaintiff's claims for injunctive relief, and **DISMISSES** all substantive damage claims except for his Fourteenth Amendment due process claim that he was retained in punitive segregation past the time he should have been returned to general population;

(3) Pursuant to 42 U.S.C. § 1997e(g)(2), **ORDERS** that defendant Schroeder respond to the complaint as provided for in the Federal Rules of Civil Procedure; and

(4) **DIRECTS** the marshals service to effect service of process on defendant Schroeder on the plaintiff's behalf, and **DIRECTS** the clerk's office to ensure that a copy of this order is served on him along with the summons and complaint.

**IT IS SO ORDERED.**

**ENTERED**: October  5 , 2005

S/ ALLEN SHARP
**ALLEN SHARP, JUDGE**
**UNITED STATES DISTRICT COURT**