UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER L. SHORTER,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| v. | ) | No. 3:05cv0288 AS |
| | ) | |
| **SGT. SCHROEDER, Classification Officer,** | ) | |
| | ) | |
| | ) | |
| **Defendant** | ) | |

*MEMORANDUM, OPINION AND ORDER*

On or about May 11, 2005, this pro se petitioner, Christopher L. Shorter, filed the within complaint purporting to allege claims under 42 U.S.C. §1983. The only defendant left in this case is Sgt. Schroeder.

This court is mandated to greatly indulge *pro se* plaintiffs. *See Haines v. Kerner*, 404 U.S. 519 (1972). *See also Smith v. Fairman*, 862 F.2d 630 (7th Cir. 1988), *cert. denied*, 490 U.S. 1008 (1989); and *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988). *See also McNeil v. United States*, 508 U.S. 106 (1993).

This plaintiff at the time of filing this case was incarcerated at the in the Putnamville Correctional Facility near Greencastle, Indiana in Putnam County, Indiana. The various filings made by the defendant Sgt. Schroeder on or about July 26, 2006 comply with the demands of *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). In fact, this defendant and his counsel have been quite careful in regard to that. The events involved here apparently

occurred in and around March 2005 in the St. Joseph County Jail in South Bend, Indiana. On that basis, the venue here is correct.

Summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there exists no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c); *Celotex Corp v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Bragg v. Navistar Int'l Trans. Corp.*, 164 F.3d 373 (7th Cir. 1998). *Celotex* addressed the initial burdens of the parties under Rule 56, and *Anderson* addressed the standards under which the record is to be analyzed within the structure of Rule 56.

The initial burden is on the moving party to demonstrate, "with or without supporting affidavits," the absence of a genuine issue of material fact and that judgment as a matter of law should be granted in the moving party's favor. *Celotex*, 477 U.S. at 324 (quoting FED.R.CIV.P. 56); *Larimer v. Dayton Hudson Corp.*, 137 F.3d 497 (7th Cir. 1998). A question of material fact is a question which will be outcome determinative of an issue in the case. The Supreme Court has instructed that the facts material in a specific case shall be determined by the substantive law controlling the given case or issue. *Anderson*, 477 U.S. at 248. Once the moving party has met the initial burden, the opposing party must "go beyond the pleadings" and "designate 'specific facts shows that there is a genuine [material] issue for trial.'" *Id.* The nonmoving party cannot rest on its pleadings, *Weicherding v.*

2

*Riegel*, 160 F.3d 1139 (7th Cir. 1998); *Waldridge v. American Hoechst Corp.*, 24 F.3d 918 (7th Cir. 1994); nor may that party rely upon conclusory allegations in affidavits. *Smith v. Shawnee Library Sys.*, 60 F.3d 317, 320 (7th Cir. 1995).

During its summary judgment analysis, the court must construe the facts and draw all reasonable inferences in the light most favorable to the nonmoving party. *Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560 (7th Cir. 1996). Furthermore, it is required to analyze summary judgment motions under the standard of proof relevant to the case or issue. *Anderson*, 477 U.S. at 252-55. Applying the above standard, this Court addresses defendant's motion.

Although this is listed as a claim under 42 U.S.C. §1983, the underlying event appears to be a prison disciplinary proceeding which normally would proceed under 28 U.S.C. §2254. But there is some possibility that it can advance under 42 U.S.C. §1983. There is no doubt that the actions of this defendant were so-called state action, as required routinely by provisions of §1983. It should not be at this point in our history to need to cite authority for the proposition that generally negligence is not a basis for relief under §1983. *Davidson v. Cannon*, 474 U.S. 344 (1986), and *Daniels v. Williams*, 474 U.S. 327 (1986). The requirement relates to deliberate indifference which has an extensive history in this circuit following a trilogy of Supreme Court cases. Even under the most liberal interpretation of deliberate indifference in this circuit, it is difficult to find a basis for deliberate indifference here. For the basics, *see Farmer v. Brennan*, 511 U.S. 825 (1994), *Wilson v. Seiter*, 501 U.S.

294 (1991), and *Estelle v. Gamble*, 429 U.S. 97 (1976).

This court might also be persuaded to find that this defendant was entitled to qualified immunity, but does not bottom any decision on that here. The decision here is straightforward and fairly simple. There is simply a disagreement with a decision that Sgt. Schroeder as authorized to make. In spite of the best efforts of this pro se plaintiff, he simply has been unable to demonstrate deliberate indifference.

It is correct that the defendant who is incumbent upon even a pro se plaintiff to allege facts and not conclusory statement, and this plaintiff has simply failed to do so.

The basic authority for this species of prisoner disciplinary proceedings is *Wolff v. McDonnell*, 418 U.S. 539 (1974). From the record here, there was compliance with the procedural demands of *Wolff*. That said, there is not much else to talk about.

Thus, summary judgment is **GRANTED** to this defendant against this plaintiff. Each party will bear its own costs. The Clerk shall enter judgment accordingly. **IT IS SO ORDERED**.

DATED: September 12, 2006

                                            **S/ ALLEN SHARP**
                                            **THE HONORABLE ALLEN SHARP**
                                            **JUDGE, UNITED STATES DISTRICT COURT**